E-FILED
Wednesday, 09 January, 2019  04:43:10 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| SHANNON EGLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:18-cv-01402 |
| v. | ) | |
| | ) | Judge Michael M. Mihm |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | Magistrate Judge Jonathan E. Hawley |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, by its attorneys, Gordon Rees Scully Mansukhani, LLP, for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff is a natural person residing in Peoria, Illinois.

**ANSWER**:  **Upon reasonable inquiry, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph one**.

2.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Subject matter jurisdiction is predicated upon the FDCPA 28 U.S.C. §§ 1331, 1337, as the below FDCPA claims arise under the laws of the United States.

**ANSWER: Defendant objects to the allegations contained in paragraph two to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, subject to its Affirmative Defenses, Defendant does not contest jurisdiction. Defendant admits only that the Plaintiff purports to bring this**

**action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendant denies that it violated the FDCPA or any other state or federal law in any way whatsoever.**

3.      Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA because as alleged below, Defendant treated Plaintiff as if Plaintiff was a "natural person obligated or allegedly obligated to pay any debt."

**<u>ANSWER</u>:      Defendant objects to the allegations contained in paragraph three to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" or whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred any alleged outstanding financial obligations. Defendant denies any remaining allegations contained in paragraph three.**

4.      Plaintiff is a "consumer" pursuant to Section 1692a(3) of the FDCPA as recognized by the Seventh Circuit Court of Appeals in *Loja v. Main Street Acquisition Corp.* 17-2477 (Oct. 18, 2018).

**<u>ANSWER</u>:      Defendant objects to the allegations contained in paragraph four to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" as defined under the FDCPA because Defendant lacks knowledge or**

**information sufficient to form a belief as to the purpose for which Plaintiff incurred any alleged outstanding financial obligations.  Defendant denies any remaining allegations contained in paragraph four.**

5.    The Seventh Circuit Court of Appeals in *Loja* held that "the definition of 'consumer' under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe."

**ANSWER:    Defendant objects to the allegations contained in paragraph five to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that Plaintiff purports to cite case law in paragraph five, and Defendant denies that the allegations contained in paragraph five completely and accurately state the holding of any case law. Defendant denies any liability under the FDCPA whatsoever, and denies any remaining allegations contained in paragraph five.**

6.    The Seventh Circuit Court of Appeals in *Loja* held that "the phrase "obligation or alleged obligation" serves to "extend[] the reach of the [FDCPA] to collection activities without regard to whether the debt sought to be collected is actually owed."

**ANSWER:    Defendant objects to the allegations contained in paragraph six to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that Plaintiff purports to cite case law in paragraph six, and Defendant denies that the allegations contained in paragraph six completely and accurately state the holding of any case law. Defendant denies any liability under the FDCPA whatsoever, and denies any remaining allegations contained in paragraph six.**

7.     As discussed below, Defendant violated the FDCPA by attempting treating [sic] Plaintiff as if Plaintiff is and was obligated to pay a debt owed to a client of Defendant.

**ANSWER:**   **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation.  Defendant denies any liability under the FDCPA whatsoever, and denies any remaining allegations contained in paragraph seven.**

8.     In September or October 2018, Defendant began placing calls to Plaintiff's employer regarding a debt ("Subject Debt") because Defendant believed that Plaintiff was obligated to pay the Subject Debt.

**ANSWER**:   **Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such amount.  Defendant admits only that in September and October of 2018, Defendant placed calls to the telephone number (309) 677-0810.  Defendant denies the remaining allegations contained in paragraph eight.**

9.     Defendant is incorporated in the State of Delaware and its principal place of business is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

**ANSWER**:   **Defendant admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located**

**at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. Defendant denies the remaining allegations contained in paragraph nine.**

10.    Defendant regularly conducts business in the Central District of Illinois by way of mailing letters and placing telephone calls for the purpose of attempting to collect monies from persons allegedly obligated to pay what Defendant has deemed to be a consumer debt.

**ANSWER:    Defendant admits only that it in certain circumstances and in certain instances, it conducts business in the Central District of Illinois by mailing letters and placing telephone calls to collect amounts owed to PRA.  Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts.   Defendant denies that the allegations contained in paragraph ten accurately and completely characterize the nature and scope of its business and deny any remaining allegations in paragraph ten.**

11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff is resident of this District and he complained of the events giving rise to this Civil Action occurred within the Northern District of Illinois because Defendant called Illinois based telephone numbers allegedly associated with Plaintiff, including, but not limited to Plaintiff's employer.

**ANSWER:    Defendant objects to the allegations contained in paragraph eleven to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, subject to its Affirmative Defenses, Defendant does not contest venue in the Central District of Illinois. Defendant denies any remaining allegations contained in paragraph eleven.**

## DEFENDANT'S DEBT COLLECTION ACTIVITIES AND MISCONDUCT

12.    Defendant a "debt collector" as defined by §1692a(6).

**ANSWER:    Defendant objects to the allegations contained in paragraph twelve to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that in certain circumstances and certain instances it acts as a "debt collector" as defined under the FDCPA.  Defendant is lacks knowledge or information sufficient to form a belief as to whether Defendant acted as a "debt collector" with respect to Plaintiff because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount(s) which it sought to collect. Defendant denies any remaining allegations contained in paragraph twelve**.

13.    Defendant, purchases, collects and services delinquent consumer debts for others, including a debt allegedly owed by Plaintiff.

**ANSWER:    Defendant admits only that it in certain circumstances and in certain instances, it purchases, collects and services amounts owed to PRA.  Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts.   Defendant denies that the allegations contained in paragraph thirteen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph thirteen.**

14.    Defendant regularly enters into contracts with creditors for the purposes of Defendant collecting defaulted consumer debts.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts it attempts to collect are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts.  Defendant denies that the allegations contained in paragraph fourteen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph fourteen.

15.   Defendant regularly collects debts that have been purchased by debt buyers.

**ANSWER:**   Defendant admits only that it in certain circumstances and in certain instances, it collects amounts owed to PRA.   Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts.  Defendant denies that the allegations contained in paragraph fifteen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph fifteen.

16.   Defendant uses the United States Postal Service to collect delinquent debts, including delinquent consumer debts.

**ANSWER:**   Defendant admits only that it in certain circumstances and in certain instances, it uses the United States Postal Service to collect amounts owed to PRA. Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which

**individuals incurred such amounts. Defendant denies that the allegations contained in paragraph sixteen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph sixteen.**

17.     Defendant places telephone calls for the purpose of contacting and speaking with persons who allegedly owe delinquent debt, including delinquent consumer debts.

**ANSWER:    Defendant admits only that it in certain circumstances and in certain instances, it places telephone calls to collect amounts owed to PRA. Defendant lacks knowledge or information sufficient to form a belief as to whether these amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts. Defendant denies that the allegations contained in paragraph seventeen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph seventeen.**

18.     Defendant engages in "communication" regarding consumer debts because it engages in "the conveying of information regarding a debt directly or indirectly to any person through" telephone calls.

**ANSWER:    Defendant objects to the allegations contained in paragraph eighteen to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that in certain circumstances and in certain instances, it contacts persons to collect amounts owed to PRA. Defendant lacks knowledge or information sufficient to form a belief as to whether these contacts are "communications" or whether the amounts are "debts"**

**as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which individuals incurred such amounts.  Defendant denies that the allegations contained in paragraph eighteen accurately and completely characterize the nature and scope of its business and denies any remaining allegations contained in paragraph eighteen.**

19.    Defendant treated Plaintiff as if Plaintiff was a "natural person obligated or allegedly obligated to pay any debt."

**ANSWER:    Defendant objects to the allegations contained in paragraph nineteen to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that in certain circumstances and in certain instances, it contacted the Plaintiff to collect amounts owed to PRA.  Defendant lacks knowledge or information sufficient to form a belief as to whether the amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such amounts.  Defendant denies any remaining allegations contained in paragraph nineteen.**

20.    Defendant engaged in "communication" to collect debt from Plaintiff that it believed that Plaintiff was obligated to pay.

**ANSWER:    Defendant objects to the allegations contained in paragraph twenty to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that in certain circumstances and in certain instances, it contacted the Plaintiff to collect amounts owed to PRA.  Defendant lacks knowledge or information sufficient to form a belief**

**as to whether these contacts are "communications" or whether the amounts are "debts" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for the Plaintiff incurred such amounts. Defendant denies any remaining allegations contained in paragraph twenty.**

21.     Defendant engaged in "communication" regarding a debt that it believed that Plaintiff was obligated to pay because Defendant called Plaintiff's employer to collect the alleged debt.

**<u>ANSWER</u>:     Defendant objects to the allegations contained in paragraph twenty one to the extent that they call solely for legal conclusions to which no response is required. If a response is found necessary, Defendant admits only that in certain circumstances and in certain instances, it placed calls to the telephone number (309) 677-0810.  Defendant lacks knowledge or information sufficient to form a belief as to whether these calls are "communications" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for the Plaintiff's alleged outstanding financial obligation. Defendant denies any remaining allegations contained in paragraph twenty-one.**

22.     Plaintiff did not provide Defendant with the telephone number associated with Plaintiff's employer.

**<u>ANSWER</u>:     Defendant admits the allegations contained in paragraph twenty-two.**

23.     On information and belief, the alleged creditor did not provide Defendant with the telephone number associated with Plaintiff's employer.

**ANSWER**:   **Defendant admits the allegations contained in paragraph twenty-three.**

24.     Upon information and belief, the Subject Debt was for personal goods and/or services.

**ANSWER**:   **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such amounts.   Defendant denies any remaining allegations contained in twenty-four.**

25.     Upon information and belief, Defendant acquired the right to collect the Subject Debt sometime after the Subject Debt was in default.

**ANSWER:**   **Defendant admits that it purchased Plaintiff's alleged outstanding financial obligation after it had been charged off.   Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation.   Defendant denies any remaining allegations contained in twenty-five.**

26.     Defendant obtained the telephone number of Plaintiff's employer from a skip trace service.

**ANSWER**:   **Defendant admits that it obtained the telephone number (309) 677-0810 from Lexis Nexis LN Contact Plus. Upon reasonable inquiry, Defendant lacks**

**knowledge or information sufficient to form a belief as to whether this number belong to Plaintiff's employer. Defendant denies the remaining allegations contained in paragraph twenty-six.**

27.     Alternatively, Defendant obtained the telephone number of Plaintiff's employer after an employee of Defendant performed an internet search.

**ANSWER**:     **Defendant admits that it obtained the telephone number (309) 677-0810 from Lexis Nexis LN Contact Plus. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether this number belong to Plaintiff's employer. Defendant denies the remaining allegations contained in paragraph twenty-seven.**

28.     Defendant repeatedly and contacted [sic] Plaintiff's employer to collect a debt that Plaintiff does not owe.

**ANSWER**:     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the allegations contained in paragraph twenty-eight.**

29.     To the best of Plaintiff's knowledge, information and belief, Plaintiff does not owe the Subject Debt.

**ANSWER**:     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks**

**knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the allegations contained in paragraph twenty-nine.**

30.     Defendant did not have a good faith basis to believe that Plaintiff owed the Subject Debt when Defendant repeatedly called Plaintiff's employer.

**ANSWER**:     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the allegations contained in paragraph thirty.**

31.     Plaintiff never received from Defendant the required notice containing disclosures regarding the nature, amount, and validity of the Subject Debt.

**ANSWER:**     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the allegations contained in paragraph thirty-one.**

32.     In September and/or October 2018, an employee of Defendant's called Plaintiff's employer and the employer requested to speak with a "Mrs. Shannon Egli."

**ANSWER:**     **Defendant admits placing calls to (309) 677-0810.  Defendant denies the remaining allegations contained in paragraph thirty-two.**

33.     During at least one of these calls, Defendant's employee informed Plaintiff's employer that the call was coming from Portfolio Recovery Associates.

**ANSWER**:     **Defendant admits that it placed a call to (309) 677-0810 on October 24, 2018, and identified itself as Portfolio Recovery Associates when asked to do so by the person answering the call.  Defendant denies the remaining allegations contained in paragraph thirty-three.**

34.     In response, Plaintiff's employer informed Defendant's employee that she was not aware of any person named Mrs. Shannon Egli.

**ANSWER**:     **Defendant denies the allegations contained in paragraph thirty-four.**

35.     Because Defendant appeared to be calling for the wrong person, Plaintiff's employer requested that Defendant's employee to stop calling [sic].

**ANSWER**:     **Defendant denies the allegations contained in paragraph thirty-five.**

36.     Defendant has not abided by this request and directive, as Defendant most recently called Plaintiff's place of employment on October 26, 2018, in an effort to contact Plaintiff.

**ANSWER**:     **Defendant admits placing a call to (309) 677-0810 on October 26, 2018.  Defendant denies the remaining allegations contained in paragraph thirty-six.**

37.     Upon receiving each of Defendant's telephone calls, Plaintiff's employer notified Plaintiff of what had transpired.

**ANSWER**:     **Upon reasonable inquiry, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph thirty-seven.**

38.     Defendant's phone calls to Plaintiff's employer were placed with the intent of embarrassing, harassing, coercing and abusing Plaintiff for the purpose of causing Plaintiff to pay the Subject Debt.

**ANSWER**:     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph thirty-eight.**

39.     Defendant called Plaintiff's employer from the following telephone numbers: (712) 703-5107; (404) 948-9388; and (610) 628-9906.

**ANSWER**:     **Upon reasonable inquiry, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph thirty-nine.**

40.     Defendant also did not have permission from Plaintiff's employer to continue to call Plaintiff's employer after Plaintiff's employer told PRA's representative to stop calling Plaintiff's place of employment regarding Plaintiff.

**ANSWER**:     **Defendant denies the allegations contained in paragraph forty.**

41.     Defendant's repeated phone calls to Plaintiff's employer to collect a debt that Defendant believes that Plaintiff is obligated to pay caused Plaintiff to suffer embarrassment and shame.

**ANSWER**:     **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial**

**obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph forty-one.**

42.     Defendant called Plaintiff's place of employment in an effort to coerce Plaintiff into paying the debt.

**<u>ANSWER</u>:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph forty-two.**

43.     Defendant's use of embarrassing, harassing, coercing and abusing collection techniques are designed to force unsophisticated consumers like Plaintiff to pay alleged debts in order avoid further harassment, embarrassment and abuse.

**<u>ANSWER</u>:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph forty-three.**

44.     Plaintiff has suffered from emotional distress as a result of Defendant's repeated collection calls to Plaintiff's employer.

**ANSWER**:    **Defendant denies the allegations contained in paragraph forty-four.**

45.    As set forth below, Defendant violated the FDCPA when it contacted Plaintiff's employer as described above.

**ANSWER:    Defendant denies the allegations contained in paragraph forty-five.**

**COUNT I – INDIVIDUAL CLAIM FOR VIOLATIONS OF THE FDCPA**

46.    Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

**ANSWER:    Defendant incorporates its responses to paragraphs one through forty-five above as though fully stated herein.**

47.    Defendant violated the following Section of the FDCPA: § 1692b(2), § 1692b (3) § 1692c(a)(3), and § 1692f through its debt collection activities.

**ANSWER**:    **Defendant denies the allegations contained in paragraph forty-seven.**

**a.    Violations of 15 U.S.C. §1692b**

48.    PRA violated 15 U.S.C. § 1692b(2) by contacting Plaintiff's employer and stating that Plaintiff owes the Subject Debt.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph forty-eight.**

49.    Plaintiff never authorized such communications, yet Defendant placed these calls to Plaintiff's employer in an attempt to collect the Subject Debt.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph forty-nine.**

50.     PRA 15 U.S.C. § 1692b(3) [sic] by contacting Plaintiff's employer multiple times notwithstanding the fact that Plaintiff never authorized such communications.

**ANSWER:    Defendant denies the allegations contained in paragraph fifty.**

51.     Furthermore, assuming arguendo that Defendant believes that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-one.**

52.     Alternatively, assuming arguendo that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial**

**obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-two.**

        **b.**        **Violations of 15 U.S.C. §1692c**

53.    Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff's employer without authorization from Plaintiff.

    **ANSWER:**    **Defendant denies the allegations contained in paragraph fifty-three.**

54.    As noted above, Defendant also did not have permission from Plaintiff's employer to continue to call Plaintiff's employer after Plaintiff's employer told Defendant's representative to stop calling Plaintiff's place of employment regarding Plaintiff.

    **ANSWER**:    **Defendant denies the allegations contained in paragraph fifty-four.**

55.    Defendant had no reason to believe that Plaintiff's employer allowed for or consented to the above described telephone calls.

    **ANSWER:**    **Defendant denies the allegations contained in paragraph fifty-five.**

56.    Defendant repeatedly called Plaintiff's employer with the goal of securing payment of the Subject Debt despite Plaintiff's employer telling Defendant that it was calling for the wrong person and to stop calling.

    **ANSWER:**    **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the**

**Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-six.**

57.     Furthermore, assuming arguendo that Defendant believes that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-seven.**

58.     Alternatively, assuming arguendo that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:     Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-eight.**

     **c.     Violations of 15 U.S.C. §1692f**

59.     Defendant violated 15 U.S.C. § 1692f by employing unfair and unconscionable means in attempting to collect the Subject Debt.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph fifty-nine.**

60. Defendant was not authorized to place the collection calls to Plaintiff's employer, yet Defendant placed these calls and continued to place the calls even after a request for the calls to cease was translated to Defendant.

**ANSWER:** **Defendant denies the allegations contained in paragraph sixty.**

61. Furthermore, assuming arguendo that Defendant believes that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph sixty-one.**

62. Alternatively, assuming arguendo that Plaintiff owes the Subject Debt, Defendant continued placing these calls to Plaintiff's employer even after being asked to stop placing such calls.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph sixty-two.**

63.     Defendant's conduct is unfair and unconscionable as Defendant purposefully attempted to cause Plaintiff to be shamed into paying the alleged Subject Debt, of which he had no knowledge.

**ANSWER:    Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's alleged outstanding financial obligation is a "debt" as defined under the FDCPA because Defendant lacks knowledge or information sufficient to form a belief as to the purpose for which the Plaintiff incurred such obligation. Defendant denies the remaining allegations contained in paragraph sixty-three.**

64.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages, attorneys' fees and costs.

**ANSWER:    Defendant denies the allegations contained in paragraph sixty-four.**

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, denies that the Plaintiff is entitled to any judgment or relief whatsoever, and respectfully requests that this Honorable Court enter judgment in favor Defendant and against Plaintiff, and for any further relief that this Honorable Court finds just and appropriate.

**DEFENDANT DEMANDS TRIAL BY JURY**

Dated:  January 9, 2019

Avanti D. Bakane (6299022)
ABakane@grsm.com
Brian H. Myers (6305867)
BMyers@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Franklin, Suite 800
Chicago, IL 60606
(T): (312) 565-1400
(F): (312) 565-6511

Respectfully submitted,

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By:_____

*Brian H. Myers, One of the Attorneys for Defendant, Portfolio Recovery Associates, LLC.*

**<u>AFFIRMATIVE DEFENSES</u>**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, asserts the following Affirmative Defenses to the Plaintiff's Complaint, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure:

1.      Defendant states that any violation of the FDCPA which it denies occurred, was unintentional and incurred as a *bona fide* error in spite of procedures reasonably adapted to avoid such error, as Defendant has policies and procedures in place to ensure that Defendant follows all applicable federal and state laws. Defendant affirmatively states that it maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA, including those related to the collection of amounts expressly authorized by contract or permitted by law. These procedures and protocols are reasonably adapted to avoid violations of the FDCPA, such as the ones alleged in this case, as Defendant has in place policies and procedures to ensure that it does not collect amounts that are not expressly authorized by contract or permitted by law, that it accurately sets forth each amount it seeks to collect from a consumer, and that it communicates with its customers within the parameters set forth by the FDCPA and its own policies, which are often more stringent. Defendant's employees are trained to comply with all of its policies and Defendant's training procedures are extensive, thorough and reasonably adapted to prevent its collectors from violating its policies or the FDCPA. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a *bona fide* error.

2.      Defendant asserts that arbitration may be the appropriate venue for Plaintiff's claims, as, upon information and belief, Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff.

3.      Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

4.      Any recovery to the Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

5.      The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

6.      Plaintiff's claims are barred by the applicable statute of limitations.

7.      Plaintiff suffered no injury and do not have standing to assert a claim against Defendant. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ("…standing requires a concrete injury even in the context of a statutory violation.")

8.      To the extent Plaintiff has validly stated claims for any violation of the FDCPA or any other statute or cause of action, which Defendant denies, and some of such violations were committed by third parties outside of the control of Defendant, Defendant cannot be held liable for the acts of any such third party.

9.      Plaintiff lacks standing and/or capacity to either bring or maintain this action, or to obtain the relief sought because, *inter alia*, (1) Plaintiff does not fall within the definition of a "debtor" under the FDCPA; (2) Plaintiff did not incur obligations for personal, family, or household purposes, and therefore did not incur a "debt" under the FDCPA; and (3) Plaintiff has

not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether said plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

      WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, denies that Plaintiff is entitled to a judgment in any amount whatsoever, and denies that Plaintiff is entitled to any relief, including the relief enumerated and requested under the Complaint's prayer for relief.

## DEFENDANT DEMANDS TRIAL BY JURY

Dated:  January 9, 2019

Avanti D. Bakane (6299022)
ABakane@grsm.com
Brian H. Myers (6305867)
BMyers@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Franklin, Suite 800
Chicago, IL 60606
(T): (312) 565-1400
(F): (312) 565-6511

Respectfully submitted,

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By:_____

   *Brian H. Myers, One of the Attorneys for Defendant, Portfolio Recovery Associates, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2019, I electronically filed the foregoing with the Clerk of the U.S. District Court, Central District of Illinois, by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record via e-mail to:

James C. Vlahakis
Sulaiman Law Group LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Ph. 630-575-8181
jvlahakis@sulaimanlaw.com
*Attorneys for Plaintiff*

Dated:  January 9, 2019

Avanti D. Bakane (6299022)
ABakane@grsm.com
Brian H. Myers (6305867)
BMyers@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
One North Franklin, Suite 800
Chicago, IL 60606
(T): (312) 565-1400
(F): (312) 565-6511

Respectfully submitted,

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By:_____

*Brian H. Myers, One of the Attorneys for Defendant, Portfolio Recovery Associates, LLC.*

1171322/42342501v.1